WOONSOCKET WORSTED COMPANY *vs.* CATHERINE RAVENELLE.

JUNE 17, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an employer's petition under the workmen's compensation act, general laws 1938, chapter 300, to review a preliminary agreement by which the respondent had been receiving compensation for partial incapacity. Following a hearing *de novo* in the superior court a final decree was entered containing a finding that the respondent is neither "totally or partially incapacitated for work by reason of the injury * * * as described in the preliminary agreement," and granting the prayer of the petition. From the entry of that decree she has duly prosecuted her appeal to this court.

It appears from the evidence that on April 12, 1951 respondent, while working in petitioner's mill as a spinner, fell down some iron stairs in the winding room and sustained a concussion of the brain. The petitioner is no longer operating its mill and respondent has not been employed since she was injured. Furthermore, she has not tried to get work. She is married and her husband is employed. They have two children, one of whom is fifteen years old.

Following the accident she was totally incapacitated and a compensation agreement to that effect was signed by the parties and approved by the director of labor. Later after a hearing the director, on January 17, 1952, decided that respondent was no longer totally incapacitated but was only partially so and her compensation was accordingly reduced. She claimed no appeal from that decision.

It is respondent's contention in substance that since her fall she has had very severe headaches several times a week; that the pupil of her left eye is larger than the right pupil; that these conditions did not exist prior to the accident; and that they prevent her from working. On the other hand petitioner bases its claim that respondent is no longer incapacitated on certain medical testimony and argues that her alleged severe headaches are due to hypertension from which she suffered for several years before she was injured, and which still continue.

The evidence concerning the source of respondent's complaints is brief and directly in conflict. The petitioner called respondent as a witness and also introduced in evidence several exhibits including two reports of examinations of respondent by Dr. John C. Ham, one dated September 30, 1952 and the other October 27, 1953. No witness testified on behalf of respondent, but a written statement by her personal physician Dr. Joseph B. McKenna, dated December 7, 1953, was introduced in evidence.

The report of Dr. Ham, dated September 30, 1952, concludes as follows: "The findings are consistent with essential hypertension. No other specific cause for headache can be found. This hypertension would not appear to be related to her injury." The recheck dated October 27, 1953 contains the statement: "Examination reveals no essential change from my examination of September 30, 1952. * * * My conclusions are the same as before; that is, I find no organic cause for headaches." The medical statement by Dr. McKenna in his report of December 7, 1953 contains the following language: "Mrs. Catherine Ravenelle has been my patient for 15 years for various minor illnesses as well as high blood pressure. * * * It is my opinion that, in spite of her persistent high blood pressure which had been asymptomatic, these headaches have been caused by her accident on April 12, 1951 and is not an unusual effect from such a severe concussion. I also believe that these headaches will continue to recur at intervals keeping Mrs. Ravenelle under continuous partial disability."

Therefore it became the duty of the trial justice to weigh the conflicting evidence and to determine from all the evidence and reasonable inferences therefrom whether he should accept the view of Dr. Ham regarding the cause of respondent's headaches or the opinion of Dr. McKenna. The issue turned on the view taken by him of the highly conflicting medical evidence. It is clear .that in reaching his decision he accepted the conclusion referred to by Dr.

Ham. It is also plain that there was ample legal evidence in the record to uphold the findings of fact. That being the case, under the pertinent statute such findings become conclusive in the absence of fraud. G. L. 1938, chap. 300, art. III, §6. The respondent argues that the trial justice must have overlooked or misconceived the material evidence in the case. We find nothing to indicate that he did so.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Worrell & Hodge, Lee A. Worrell,* for petitioner.

*Harry J. Smith, Irving I. Zimmerman,* for respondent.